**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-00766

PARKER POWERSPORTS INC., a Colorado corporation and
JOHN ALLEN, an individual

Plaintiffs,

v.

TEXTRON SPECIALIZED VEHICLES INC., a Georgia corporation, and
JOEL RANUM, an individual,

Defendants.

---

**NOTICE OF REMOVAL**

---

Defendants, TEXTRON SPECIALIZED VEHICLES INC. ("TSV") and JOEL RANUM ("Mr. Ranum"), by and through their undersigned attorneys, submit this Notice of Removal of this action from the District Court, Douglas County, Colorado to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows.

**BACKGROUND**

1. TSV and Mr. Ranum are the two named defendants in a civil action brought against them in the District Court, Douglas County, Colorado entitled *Parker Powersports Inc. and John Allen v. Textron Specialized Vehicles Inc. and Joel Ranum*, Case Number 2021CV30041 (the "State Court Action"). The Complaint is attached hereto at **Exhibit A**. CT Corporation accepted service on behalf of Defendant TSV on February 26, 2021, March 8, 2021, and March 10, 2021. A copy of each of the Affidavits of Service on Defendant TSV is attached hereto at **Exhibit B**. Defendant Mr. Ranum was personally served on February 22, 2021 and on

February 25, 2021. A copy of each of the Affidavits of Service on Defendant Mr. Ranum is attached hereto at **Exhibit C**.

2. The State Court Action seeks damages for Plaintiffs' alleged injuries resulting from a failed dealership arrangement between plaintiffs and Defendant TSV. Plaintiffs formerly operated a dealership for the sale and service of TEXTRON OFF ROAD® and ARTIC CAT® ATVs, side-by-sides, and snowmobiles in Parker, Colorado. The parties' relationship was governed by the TSV U.S. Dealer Agreement (attached as Exhibit A to the Complaint, attached hereto). Defendant Mr. Ranum is employed by Defendant TSV as a District Sales Manager whose territory included Colorado during the time period covered by the Complaint.

3. The Complaint does not allege breach of the contract between the parties but does seek damages and other relief for alleged fraudulent inducement (Count II), fraudulent misrepresentation (Count III), fraudulent concealment (Count IV), negligent misrepresentation (Count V), violation of the Colorado Powersports Vehicles Act, Colo. Rev. Stat. § 44-20-401 *et seq.* (Count VI); and violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et. seq.* (Count VII). Plaintiffs also seek a declaratory judgment that the choice of law and venue provisions set forth in the U.S. Dealer Agreement are invalid under the Colorado Powersports Vehicles Act (Count I).

## BASIS FOR REMOVAL

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Defendants can remove this case to federal court because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of

interest and costs. 28 U.S.C. § 1441, *Radial v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).

**A. There is Complete Diversity of Citizenship Between the Parties**

5. The Complaint alleges that Plaintiff Parker Powersports Inc. ("Parker Powersports") is a Colorado corporation and that Plaintiff John Allen ("Mr. Allen"), the principal of Parker Powersports, is a resident of Aurora, Colorado. (*See* Ex. A at ¶¶ 7, 8, 94).

6. Defendant TSV is, and at the time of the commencement of this action was, a Delaware corporation. Defendant TSV's principal place of business is located in Augusta, Georgia. (*See* Ex. A at ¶ 9). Accordingly, Defendant TSV is a citizen of Delaware and Georgia for purposes of diversity jurisdiction. *See* U.S.C. § 1332(c) (for purposes of determining citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

7. The Complaint incorrectly alleges that Defendant Mr. Ranum is a citizen of the State of Colorado. (*See* Ex. A at ¶ 10). Defendant Mr. Ranum is, and at the time of the commencement of this action was, a citizen of the State of Minnesota. (*See* Declaration of Joel Ranum, attached hereto at **Exhibit D**); *see also Budnella v. USAA General Indemnity Co.*, No. 20-cv-00944-KMT, 2020 WL 2847627, at *3 (D. Colo. June 2, 2020) quoting *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("[f]or individuals, 'state citizenship is the equivalent of domicile'"); *accord Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) ("[t]o establish domicile in a particular state, a person must be physically present in the state and intend to remain there"). The Affidavit of Service upon Defendant Mr. Ranum demonstrates that

Plaintiffs had knowledge that Defendant Mr. Ranum is not a citizen of Colorado, as he was served at his residence in Grygla, Minnesota. (*See* Exs. C and D).

8. This action involves "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff Parker Powersports is a citizen of Colorado and Plaintiff Mr. Allen is a citizen of and domiciled in Colorado. Defendants are citizens of states other than Colorado. Because neither Defendant is a citizen of Colorado, removal of this action is proper under 28 U.S.C. § 1441(b).

**B. The Amount-In-Controversy Requirement Is Satisfied**

9. The amount in controversy exceeds $75,000 because Plaintiffs allege significant and "grave" economic damages. (*See* Ex. A at ¶¶ 5, 94, 98, 118, 130, 134 *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold")).

10. Plaintiff Mr. Allen alleges that he personally invested heavily in the dealership, "drawing from his 401k, spending all of his savings, getting a second mortgage on his home and taking a loan out on the estate of his grandmother." (*See* Ex. A at ¶¶ 95, 100). According to the Complaint, Plaintiff Mr. Allen closed his business, Parker Powersports, and took "a substantial loss" on certain vehicles in order to sell them before closing Parker Powersports. (Ex. A at ¶¶ 130, 134).

**C. The Other Prerequisites for Removal Have Been Satisfied**

11. In addition to satisfying the requirements of diversity jurisdiction, Defendants have satisfied all other requirements for removal.

12. Defendants' Notice of Removal is filed within thirty (30) days of the earliest date of service of Plaintiffs' Summons and Complaint (February 22, 2021), pursuant to 28 U.S.C. § 1446(b)(2)(A).

13. Venue is proper in the District of Colorado, as this district encompasses Douglas County where the State Action is currently pending. 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 1391(a)(2).

14. Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto at **Exhibit E** a copy of all process, pleadings, and orders served upon them in the State Action.

15. All Defendants join in this petition for removal. Under 28 U.S.C. § 1446(b)(2)(A) "all defendants who have been properly joined and served must join in or consent to the removal of the action." A defendant that has not yet been served does not need to provide consent for removal purposes. *See Makris v. Tindall*, No. 13-CV-00750-PAB, 2018 WL 1222372, at *1 (D. Colo. Mar. 25, 2013) ("There are two exceptions to the unanimity rule: neither a nominal party nor a defendant not yet served need join the petition for removal"); *Int'l Three Crown Petroleum LLC v. Petromed Corp.*, No. 10-CV-00317-WYD, 2010 WL 625026, at *1 (D. Colo. Feb. 18, 2010) (same).

16. No previous application has been made for the relief requested herein.

17. As required under 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs and file a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal with the Clerk of the District Court of Douglas County, Colorado where this action is currently pending. A copy of the Notice of Filing Notice of Removal is attached hereto at **Exhibit F**.

WHEREFORE, Defendants request that the above-described action pending in the District Court, Douglas County be removed to this court.

Dated: March 15, 2021.

Respectfully submitted,

/s/ *Lauren P. Carboni*
Lauren P. Carboni (#46209)
Thomas J. Krysa (#28440)
Foley & Lardner LLP
600 17th Street, Suite 2020S
Denver, CO 80202
Telephone: (720) 437-2000
E-mail: lcarboni@foley.com
tkrysa@foley.com

*Attorneys for Defendants Textron Specialized Vehicles Inc. and Joel Ranum*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 15, 2021, a true and correct copy of the foregoing was served on the following via e-mail and hand delivery:

David W. Edgar, Esq.
Edgar Law Firm, LLC
216 16th Street, Suite 850
Denver, CO 80439
dwe@edgarfirm.com

*/s/ Lauren P. Carboni*